**IN THE UNITED STATES OF DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

**Date:   May 18, 2007**

Courtroom Deputy: Ginny Kramer
Court Reporter:   Suzanne Claar
Probation Officer: Carrie Kent and Lisa Pence

---

**Criminal Case No.  06-cr- 00368-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Roxanne Perruso |
| | Robert Brown |
| v. | |
| 2.  HOWARD THOMAS HIGGINS, | Thomas Johnson |
|      Defendant. | |

---

### SENTENCING MINUTES

---

**2:35 a.m.     Court in session.**

The Defendant is present in Court (on bond).

The Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

    1.    The nature and circumstances of the offense for which the defendant is being sentenced.
    2.    The history and characteristics of the offender.
    3.    The authorized sentences under 18 U.S.C. § 3551.
    4.    The presentence report and addendum.
    5.    The advisory sentence guidelines.
    6.    The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
    7    The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

    1.    That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

    2.    That the Government's Motion for Downward Departure [#69], filed May 17, 2007, is **granted;**

    3.    That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count One of the Indictment.

    4.    That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, Mr. Howard Thomas Higgins, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **six (6) months**.

    5.    That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of his release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the probation department within the district to which he is released.

    6.    That while on supervised release, the defendant shall comply with all

        mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7.    That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8.    That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

   - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

   - that the defendant shall not possess or use illegally controlled substances;

   - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

   - that the defendant shall cooperate in the collection of a sample of his DNA;

   - that defendant shall submit to one drug test within fifteen days from his release from prison, as directed by the probation department, and thereafter, to a least two periodic tests for the use of controlled substances as directed and determined by the court;

   - that the defendant, as directed by the probation department, and at his own expense, shall undergo an alcohol / substance abuse evaluation, and thereafter, at his own expense, receive any treatment, therapy, counseling, testing, or education prescribed by the evaluation, or as directed by the probation department or as ordered by the court;

   - that the defendant shall abstain from the use of alcohol or any intoxicant during the course of any such treatment, therapy, counseling, testing, or education; and

   - that the defendant shall not enter or remain in or on the premises of any bar, liquor store, saloon, lounge, or any other business, who as a principal business activity offers the sale and consumption of alcoholic beverages.

    9.     That no fine is imposed.

    10.    That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

    11.    That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are imposed.

    12.    That presentence confinement shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585.

    13.    That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of his right to appeal the sentence imposed by the Court.

The Defendant makes an oral motion to stay the sentence until October 1, 2007.

**It was ORDERED**:

    1.     That the Defendant's Oral Motion to Stay the Sentence Until October 1, 2007, is D**ENIED**.

**3:10 p.m.**    **Court in recess.**

*Total in court time: 00:35 minutes - Hearing concluded*